# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MICHAEL T. GRAVELY,

:

            Petitioner,                         Case No. 2:11-cv-500

                              :         District Judge George C. Smith

     -vs-                                Magistrate Judge Michael R. Merz

ROB JEFFREYS, Warden, Ross
 Correctional Institution,

                              :

           Respondent.

---

# REPORT AND RECOMMENDATIONS

---

Petitioner Michael T. Gravely brought this habeas corpus action to obtain relief from his conviction in the Franklin County common Pleas Court and consequent sentence of thirty-six years imprisonment, which he is serving in Respondent's custody.

Gravely pleads the following Grounds for Relief:

**Ground One:** Petitioner was denied due process when the evidence was insufficient.

**Supporting Facts:** The evidence is insufficient when no witness by the State of Ohio identified Petitioner as the suspect that fired shots at Columbus police officers.

**Ground Two:** Petitioner was denied due process when the trial court overruled Petitioner's motion to sever the indictments.

**Supporting Facts:** Petitioner was prejudiced by the joinder of the indictments. Trial counsel argued to the court that the joinder prejudiced the petitioner by limiting his ability to present certain defenses by possibly taking the stand in his own defense on the felonious assault charges he could be put in a situation to criminate [sic] himself on the drug charges.

1

**Ground Three:**  Petitioner was denied a fair trial when the evidence should have been suppressed in violation of the 4th and 14th amendments of the United States Constitution.

**Supporting Facts:**  Petitioner's trial counsel filed a motion to suppress the search warrants obtained in this case.  The first was defective in this case even when the detectives knew the address was wrong, they continued obtaining search warrants with incorrect addresses.

**Ground Four:**  Petitioner was denied effective assistance of counsel on appeal when he failed to raise insufficiency of the evidence.

**Supporting Facts:**  The petitioner was denied the effective assistance of appellate counsel when counsel failed to raise on appeal regarding the fact that petitioner's drug convictions lacked sufficiency of the evidence to convict him.

**Ground Five:**  Petitioner was denied the effective assistance of appellate counsel when he failed to raise on appeal the suppression of the unreliability of the admissibility of identification.

**Supporting Facts:**  Petitioner argues that the confidential informant who identified him at trial incorrectly described the person who sold him crack cocaine.  The confidential informant described the petitioner as 6 foot 1 205 pounds; when counsel at trial demonstrated that he was not 6'1 206 lbs.

(Petition, Doc. No. 3, PageID 32-42.)

## Analysis

### Ground One:  Insufficiency of the Evidence

In his First Ground for Relief, Gravely contends there was insufficient evidence to convict him of felonious assault on two Columbus police officers, each of whom was shot through the back door of the house in which Gravely was arrested.

2

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia*, 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358  (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders,* 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt.  *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . .  This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007).  This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E. 2d 492 (1991).  Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt.  *In re Winship, supra.*

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the

> evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh,* 567 F.3d 191, 205 (6th Cir. 2009).  In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith,* 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (*per curiam*). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid.* (quoting *Renico v. Lett*, 559 U. S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. ___, ___, 132 S. Ct. 2060, 2062 (2012)(*per curiam).*

The felonious assault charges were tried to a jury which found Gravely guilty.  He raised this claim on direct appeal to the Tenth District Court of Appeals which held as follows:

> While not clearly articulated, appellant appears to argue that the state failed to prove that he committed felonious assault because the state failed to prove that he was the one who fired a

4

gun at the officers. We disagree.

Derrick Foster was the only person inside the house at the time of the shooting that testified. Although he heard shots fired from inside the house, he did not see appellant shoot a gun. In fact, no one testified that appellant fired a gun that night. However, it is well-established that circumstantial evidence possesses the same probative value as direct evidence. *Id.* at P92 (citing *Treesh*). The state presented circumstantial evidence linking appellant to a gun that was fired inside the house that night.

Foster testified that before he fired his gun, another person inside the house fired a gun. Foster also testified that appellant was one of only two other men inside the house that had a gun that night. Mark Hardy testified that there were two guns fired from inside the house: Foster's gun, and the Springfield Armor USA XP .45. A picture of that gun introduced at trial shows a two-tone gun, green on the bottom and black on the top. That is how Foster described the gun appellant had with him that night. Jamie Armstrong testified that appellant was the major donor of DNA on the Springfield Armor USA XP .45. This is evidence demonstrating appellant's connection to this gun. The state also presented evidence indicating that the Springfield Armor USA XP .45 was fired inside the house that night. Hardy testified that a bullet fragment found inside the house was fired from the Springfield Armor USA XP .45. Five other casings found inside the house had marks indicating that they were at some point chambered in the Springfield Armor XP .45.

In light of this circumstantial evidence, the jury did not clearly lose its way in concluding that appellant fired a gun at the officers. Accordingly, appellant's convictions are not against the manifest weight of the evidence. This resolution is also dispositive of appellant's claim that his convictions were not supported by sufficient evidence. *Sowell.* Accordingly, we overrule appellant's third and fourth assignments of error.

*State v. Gravely*, 188 Ohio App. 3d 825, ¶¶ 47-50 (Ohio App. 10th Dist., July 20, 2010).  As this was the last reasoned state court decision on this Ground for Relief, it is the decision this Court must evaluate.

In his Traverse (Doc. No. 13), Gravely does not take issue with the standard applied by the Tenth District Court of Appeals, but argues instead that the evidence does not meet that

5

standard.  Gravely does not deny that the State proved without contradiction that the Springfield Armor XP .45, later found in the basement, was fired from inside the residence or that Officers Garrison and Gillis were both hit with bullets fired from inside the house.  Five .45 caliber casing were also found inside the house which had at some time been chambered in the XP .45.  The XP .45 was distinctive in color and Derrick Foster, the only person who was inside the house at the time of the raid, testified Gravely has in his possession a two-tone semiautomatic weapon greenish in color, a description which fits the XP .45.  Foster heard shots fired from inside the house but did not see who fired them.  Foster had a Smith and Wesson .40 caliber handgun which he also admitted firing; two .40 caliber casings were also found by police.  Foster's gun was taken from him outside the house after he crawled out a basement window.

Gravely admits that he was the major contributor of the DNA found on the XP .45, although he argues that "Keno Jarrett could not be excluded as a minor contributor."  (Traverse, Doc. No. 13, PageID 1324, citing Trial Tr. Vol. 3, pp.116, 132; PageID 1032, 1048.[1])  Gravely also admits that the bullet fragment recovered from the body of Officer Garrison matched the XP .45.  *Id.* at PageID 1325.  He argues that the State conceded in closing argument that it had not proved to a 100% certainty that the bullet which struck Officer Gillis was from the XP .45 (Traverse, Doc. No. 13, PageID 1325).

Gravely argues that the evidence against him was "meager circumstantial evidence" which is insufficient.  *Id.*  There is one important piece of direct evidence however:  Derrick Foster testified he saw Gravely in possession of the XP .45 that night.  The rest of the evidence is circumstantial, but it is not meager.  Five ejected casings from the XP .45 were found inside the house.  At least one bullet from the XP .45 went through the door and struck Officer Garrison.

[1] The four volumes of the trial transcript were separately paginated by the transcriber.  However, as filed with this Court, each page of the trial transcript has been electronically assigned a distinctive PageID number.

Officer Gillis was also on the other side of the door through which the XP .45 bullets were shot. No one testified that Keno Jarrett was present or possessed or fired a firearm that night.[2]  Gravely was the major contributor of the DNA on the XP .45 when it was found that night.  In addition to opportunity, Gravely had a motive to shoot at someone trying to enter the house:  protection of a large quantity of valuable controlled substances which were found by the jury to be his.

"Circumstantial evidence and direct evidence inherently possess the same probative value and therefore should be subjected to the same standard of proof. When the state relies on circumstantial evidence to prove an essential element of the offense charged, there is no need for such evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction.  Therefore, where the jury is properly and adequately instructed as to the standards for reasonable doubt a special instruction as to circumstantial evidence is not required." (*Holland v. United States* [1954], 348 U.S. 121, 75 S. Ct. 127, 99 L. Ed. 150 followed;  *State v. Kulig*, [1974], 37 Ohio St. 2d 157, 66 O.O. 2d 351, 309 N.E. 2d 897, overruled by *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E. 2d 492 (1991).)

Circumstantial evidence alone is sufficient to support a conviction, and it is not necessary for the evidence to exclude every reasonable hypothesis except that of guilt. *United States v. Kelley,* 461 F.3d 817, 825 (6th Cir. 2006); *United States v. Reed,* 167 F.3d 984, 992 (6th Cir. 1999); *United States v. Beddow,* 957 F.2d 1330, 1334 (6th Cir. 1992).

Gravely compares his case with that of the petitioner in *Joseph v. Coyle*, 469 F.3d 441 (6th Cir. 2006).  Joseph's victim died of two stab wounds, either of which could have been fatal. *Id.* at 455-456.  However, Joseph could not be convicted as the actual killer because he was not the only person present with the victim when the victim was killed; the evidence equally

---

[2] Jarrett may be identified somewhere in the trial transcript as being present, but no one has cited the testimony to the Court.

implicated a man named Bulerin, who had an ample motive and opportunity for the killing.  *Id.*

*Joseph* is not helpful to Gravely's case.  As the Sixth Circuit found and three of the seven Justices of the Ohio Supreme Court found as well, the circumstantial evidence equally supported convictions of Joseph and Bulerin as the actual killer; indeed, they had been jointly indicted. When evidence points equally to one of two people, it cannot be said to have been proven beyond a reasonable doubt that one of them did it.

Here the circumstantial and direct evidence, taken together, does not point to anyone other than Gravely.  No one testified that Jarrett had possession of the XP .45 or fired it through the door; Foster saw Gravely with the gun, Gravely's DNA was found on the gun, the gun was fired five times, and one of the bullets undoubtedly struck Officer Garrison.  It was not necessary for the State to prove that it was an XP .45 bullet which struck Officer Gillis.  Gravely was indicted in Count 2 of causing or attempting to cause harm to Gillis by means of a deadly weapon (Indictment, Return of Writ, Doc. No. 7, PageID 131.)  A person firing a .45 caliber handgun through a door at police officers does not need to have been successful in hitting all of them to be found guilty of felonious assault.

Applying the double layer of deference due to the jury's and the Court of Appeals' decisions on this claim, the Court cannot say that it is an objectively unreasonable application of *Jackson v. Virginia, supra*.  Therefore, Ground One should be dismissed with prejudice.


**Ground Two:  Failure to Sever**


In his Second Ground for Relief, Gravely contends he was deprived of a fair trial and due process of law when the trial court failed to sever the drug charges from the felonious assault

charges for trial.

The record discloses that Gravely was indicted in Case No. 08CR-3601 on two counts of felonious assault with specifications, one count of having weapons while under disability, one count of possession of cocaine, and one count of trafficking in cocaine. (Indictment, Return of Writ, Doc. No. 7, PageID 130-134.) Within that case he moved to sever "the drug charges in count three and count four from the assault charges in counts [sic] one, count two, and count five." (Motion to Sever Charges, Return of Writ, Doc. No. 7, PageID 170-176.) In other words, he moved to sever charges which had been indicted together.

Gravely was separately indicted in Case No. 09CR-0275 one three counts of drug possession and one count of having weapons under disability. (Indictment, Return of Writ, Doc. No. 7, PageID 189-192.) The state moved to join the two cases for trial. (Motion for Joinder of Cases, Return of Writ, Doc. No. 7, PageID 193-195.) Gravely joined in that Motion (Entry, Return of Writ, Doc. No. 7, PageID 196.) There is no record reference to Gravely's opposing the motion to join the two cases or thereafter having moved to sever them.[3]

Thus the issue in Ground Two is whether the drug and assault charges in the Indictment in Case No. 08CR-3601 were properly tried together.[4] While the language of both the Petition and the Traverse are somewhat ambiguous on this point, the argument both here and in the state courts makes it clear that Gravely wanted to try the drug and assault charges in the earlier case separate from each other.

The court of appeals decided the issue of joinder of the indictments and joinder of the charges in the first indictment together and wrote:

---

[3] On appeal, Gravely complained of joinder of the two indictments for trial, but the Court of Appeals found he had not requested severance of the indictments. *State v. Gravely, supra,* at ¶ 31, n. 6.

[4] Gravely waived his right to trial by jury on the weapons under disability count and that was tried to the bench. This is not uncommon behavior on such charges, since trying the weapons under disability charge to a jury will often expose the jury to the prior felony conviction which creates the disability.

Appellant contends in his second assignment of error that the trial court erred by denying his motion to sever the two indictments. However, the record indicates that appellant never asked the trial court to sever the two indictments. A day before the filing of appellant's second indictment, he requested the trial court to sever the drug charges from the felonious assault charges in case No. 08CR05-3601 and to separately try those charges. The trial court denied that request. One day after the filing of the second indictment, the state requested the trial court to join the two indictments. The trial court granted the state's motion and joined the indictments. Appellant did not request severance of the indictments before, during, or after trial. [Footnote omitted.]

Because appellant did not request severance of the two indictments in the trial court, he waived any error in this regard absent plain error. Crim.R. 52(B); *State v. Morales,* 10th Dist. No. 03AP-318, 2004 Ohio 3391, P18; *State v. Stiles,* 3d Dist. No. 1-08-12, 2009 Ohio 89, P23 (failure to renew motion to sever during trial waives issue on appeal).

Under Crim.R. 52(B), plain errors affecting substantial rights may be noticed by an appellate court even though they were not brought to the attention of the trial court. To constitute plain error, there must be: (1) an error, i.e., a deviation from a legal rule, (2) that is plain or obvious, and (3) that affected substantial rights, i.e., affected the outcome of the trial. *State v. Barnes* (2002), 94 Ohio St.3d 21, 27, 2002 Ohio 68, 759 N.E.2d 1240. Even if an error satisfies these prongs, appellate courts are not required to correct the error. Appellate courts retain discretion to correct plain errors. Id; *State v. Litreal,* 170 Ohio App.3d 670, 2006 Ohio 5416, P12, 868 N.E.2d 1018. Courts are to notice plain error under Crim .R. 52(B) "'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *Barnes* (quoting *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of syllabus).

The law favors the joinder of multiple offenses in a single trial. *State v. Brinkley,* 105 Ohio St.3d 231, 2005 Ohio 1507, P28, 824 N.E.2d 959; *State v. Coley,* 93 Ohio St.3d 253, 259, 2001 Ohio 1340, 754 N.E.2d 1129. Pursuant to Crim.R. 13, two indictments may be tried together if the offenses could have been joined in a single indictment. *State v. Tipton,* 10th Dist. No. 04AP-1314, 2006 Ohio 2066, P25. Nevertheless, a trial court may grant a severance under Crim.R. 14 if a defendant affirmatively establishes that he would be prejudiced by a joinder. *State v. Lott* (1990), 51 Ohio

St.3d 160, 163, 555 N.E.2d 293; *State v. Wilkins,* 12th Dist. No. CA2007-03-007, 2008 Ohio 2739, P13.

Appellant argues the trial court should have severed the indictments because he was prejudiced by the joinder. We disagree.

A defendant claiming error in the trial court's refusal to allow separate trials has the burden of affirmatively showing that his rights were prejudiced. *State v. Torres* (1981), 66 Ohio St.2d 340, 343, 421 N.E.2d 1288 (citing *State v. Roberts* (1980), 62 Ohio St.2d 170, 175, 405 N.E.2d 247). Appellant argues that joinder prejudiced him by limiting his ability to present a defense, because if he testified on his own behalf on the felonious assault charge, he could be put in a situation where he would incriminate himself on the drug charges. We do not find this argument persuasive. *HN8* The "[m]ere possibility that defendant might have better choice of trial tactics if counts were separated or mere possibility that he might desire to testify on one count and not on the other is insubstantial and speculative and is not sufficient to show prejudice in joinder of multiple charges." *Torres* at 344; *State v. Walker* (June 30, 2000), 2d Dist. No. 17678, 2000 Ohio App. LEXIS 2952 (prejudice not shown just because defendant may have had better defense strategies absent joinder).

Appellant also argues that joinder of the indictments confused the jury regarding the identification of the shooter on the felonious assault charges. Specifically, he argues that the jury was more likely to convict him of the assault charges if they believed he was a drug dealer. This is also nothing more than speculation and does not rise to the level of prejudice necessary to sever indictments. See *State v. Broadnax,* 2d Dist. No. 21844, 2007 Ohio 6584, P40.

Even if appellant could establish prejudice in this case, the state can negate claims of prejudice in two ways. *State v. Cameron,* 10th Dist. No. 09AP-56, 2009 Ohio 6479, P35 (citing *Brinkley); Tipton* at P27. First, if the state shows that evidence of one offense would be admissible at a separate trial of the other offense as "other acts" evidence under Evid.R. 404(B), then joinder of the offenses in the same trial cannot prejudice the defendant. *State v. LaMar,* 95 Ohio St.3d 181, 2002 Ohio 2128, P50, 767 N.E.2d 166; *Brinkley* at P30. Second, a joinder cannot result in prejudice if the evidence of the offenses joined at trial is simple and direct, so that a jury is capable of segregating the proof required for each offense. *State v. Johnson,* 88 Ohio St. 3d 95, 109, 2000 Ohio 276, 723 N.E.2d 1054; *State v. Mills* (1992), 62 Ohio St.3d 357, 362, 582 N.E.2d

> 972. These two tests are disjunctive, so that the satisfaction of one negates a defendant's claim of prejudice without having to consider the other test. *Cameron* at P35 (citing *Mills*).
>
> Evidence is "simple and direct" if the jury is capable of segregating the proof required for each offense. Id. at P40. "The rule seeks to prevent juries from combining the evidence to convict the defendant, instead of carefully considering the proof offered for each separate offense." Id. Here, the evidence of the offenses is simple and direct and is not confusing or difficult to separate. The offenses in each indictment were analytically and logically separate: assault charges in which appellant allegedly shot at police officers and drug charges in which appellant allegedly possessed drugs. Although the offenses occurred at the same time and in the same residence, the offenses were separate and not so complex that the jury would have difficulty separating the proof required for each offense. *Tipton* at P31. Therefore, even if appellant had shown prejudice, manifest injustice did not result from the trial court's failure to sever the indictment.

*State v. Gravely, supra*, ¶¶ 31-39.  To prevail on this Ground for Relief, Gravely would be forced to show that this decision of the Tenth District Court of Appeals was contrary to or an objectively unreasonable application of clearly established Supreme Court precedent.  That he has not done.  The only Supreme Court case he cites is *United States v. Lane,* 474 U.S. 438 (1986) which holds that misjoinder even in a federal criminal case is unconstitutional only if it denies a defendant a fair trial.  There was no such denial here.  The felonious assault charges arise from shootings one night.  Gravely and the drugs were found in the same building the next day.[5]  Thus the criminal events are chronologically closely connected and the elements of the two sets of offenses are simple and easily distinguished from one another.

Therefore the Second Ground for Relief should be dismissed with prejudice on the merits.

---

[5] Gravely says he was found at a separate "address," but the insubstantiality of division of the addresses is dealt with thoroughly by the Court of Appeals.

**Ground Three:  Failure to Suppress Evidence**

In his Third Ground for Relief, Gravely asserted that he was tried on unconstitutionally seized evidence which should have been suppressed.  The Warden responded that review of the merits of this Fourth Amendment claim was barred by *Stone v. Powell*, 428 U.S. 465 (1976).  In his Traverse, Gravely concedes the claim is not cognizable, based on *Stone*.

Accordingly, the Third Ground for Relief should be dismissed without prejudice as not cognizable in federal habeas corpus in light of *Stone v. Powell*.

**Grounds Four and Five:  Ineffective Assistance of Appellate Counsel**

In his Fourth and Fifth Grounds for Relief, Gravely asserts he received ineffective assistance of appellate counsel when his appellate counsel failed to raise as an assignment of error (1) the insufficiency of the evidence to convict him on the drug charges and (2) the suppression of the unreliability of the admissibility of identification.

Neither of these claims was presented on direct appeal.  Rather, they were presented as underlying assignments of error which should have been raised on direct appeal but were not. Gravely raised his ineffective assistance of appellate counsel claims in the proper manner under Ohio law, to wit, by filing an application for reopening his direct appeal under Ohio R. App. P. 26(B).

The Warden asserts that Gravely procedurally defaulted in presenting these claims to the state courts and thus they were not preserved for merits review in this Court (Return of Writ, Doc. No. 7, PageID 61).  Gravely responds that he did preserve the claims by presenting them as claims underlying his App. R. 26(B) application (Traverse, Doc. No. 13, PageID 1315-1317.)

Gravely is mistaken:  filing a 26(B) application does not preserve the underlying claims for merit review unless the state court reopens the direct appeal and itself considers the merits.

If a petitioner's claims in federal habeas rest on different theories than those presented to the state courts, they are procedurally defaulted.  *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Lorraine v. Coyle*, 291 F.3d 416, 425 (6th Cir. 2002), *citing Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *Lott v. Coyle*, 261 F.3d 594, 607, 619 (6th Cir. 2001)("relatedness" of a claim will not save it).  An Ohio App. Rule 26(B) application preserves for habeas review only the ineffective assistance of appellate counsel arguments, not the underlying substantive arguments.  *Wogenstahl v. Mitchell*, 668 F.3d 307, 338 (6th Cir.  2012), *citing Lott v. Coyle*, 261 F.3d 594, 612 (6th Cir. 2001).  "The *Lott* court explained that permitting an Ohio prisoner to raise a substantive claim in a Rule 26(B) motion "would eviscerate the continued vitality of the procedural default rule; every procedural default could be avoided, and federal court merits review guaranteed, by claims that every act giving rise to every procedural default was the result of constitutionally ineffective counsel." *Id.*

Gravely argues the court of appeals essentially waived his default and considered the merits of his claims.  If this were so, there would be no procedural default, because under the controlling precedent, the state courts must actually enforce a procedural default before it will bar merits consideration in federal court.  *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986) (establishing a four-part test for determining whether a procedural rule is an independent and adequate state ground).

Because the decision of the Court of Appeals on the Application to Reopen is material to both the Fourth and Fifth Grounds for Relief, it is set forth here in full:

> ¶ 1 On October 29, 2010, defendant-appellant, Michael Gravely, filed a *pro se* application for reopening pursuant to App R. 26(B).

He attempts to reopen the appellate judgment rendered by tins court in *State v. Gravely*, 10th Dist No. 09AP-440, 2010-0hio-3379.  In that appeal, defendant through counsel, argued that the trial court erred by denying his motion to suppress evidence and trying his two indictments together, and that his felonious assault convictions were not supported by sufficient evidence and were against the manifest weight of the evidence. This court disagreed with defendant's arguments and affirmed defendant's convictions.

¶ 2 Defendant now seeks to reopen his appeal based on ineffective assistance of appellate counsel. The State of Ohio filed a memorandum in opposition to defendant's application. [Footnote omitted.]   For the following reasons, we deny defendant's application.

¶ 3 In order to prevail on an application to reopen an appeal, the defendant must establish "a colorable claim" of ineffective assistance of counsel.  *State v. Sanders*, (1996) 75 Ohio St. 3d 607. The defendant must set forth one or more errors or arguments omitted by appellate counsel and demonstrate that the appellate court did not consider these matters. App.R. 26(B)(2). The application will be granted where there is "a genuine issue as to whether the applicant was derived of the effective assistance of counsel." App. R. 26(B)(5) In determining whether the applicant has established ineffective assistance of counsel, we apply the standard *in Strickland v. Washington*, (1984), 466 US. 668, 104 S.Ct. 2052. *Sanders*. Under *Strickland*, the defendant must show that counsel was deficient for failing to raise the issue he now presents and that there was a reasonable probability of success had that issue been presented on appeal.

¶ 4 Defendant claims that his appellate counsel was ineffective for failing to raise two assignments of error. First, he claims counsel should have assigned as error the trial court's admission of "unreliable" identification testimony made by a confidential informant.  However, defendant's trial counsel did not challenge the admissibility of this testimony.  Thus appellate counsel would have had to show that the trial court committed plain error by admitting the identification testimony.  *State v. Parker* (1990), 53 Ohio St. 3d 82, 87.

¶ 5 Under Crim. R. 52(B), plain errors affecting substantial rights may be noticed by an appellate court even though they were not brought to the attention of the trial court.  To constitute plain error, there must be:  (1) an error, i.e., a deviation from a legal rule,  (2) that is plain or obvious, and (3) that affected substantial rights, i.e.,

affected the outcome of the trial.  *State v. Barnes* (2002), 94 Ohio St. 3d 21, 27.  Even if an error satisfies these prongs, appellate courts are not required to correct the error.  Appellate courts retain discretion to correct plain errors.  *Id.*; *State v. Litreal*, 170 Ohio App. 3d 670, 2006-Ohio-5416, ¶ 12.  Courts are to notice plain error under Crim. R. 52(B) "'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'"  *Barnes*, quoting *State v. Long* (1978), 53 Ohio St. 2d 91, paragraph three of the syllabus.

¶ 6 Defendant contends that the identification testimony was unreliable.  However, before out-of-court identification testimony may be suppressed, the trial court must first find that the procedure employed was so impermissibly suggestive as to give rise to a very substantial likelihood of misidentification.  *State v. Barnett* (1990), 67 Ohio App. 3d 780, 787.  The defendant has the initial burden to show that the identification procedure was unduly suggestive.  *State v. Harris*, 2d Dist. No. 19796, 2004-Ohio-3570, ¶ 19.  Only if the defendant meets that burden must the court then consider whether the identification, viewed under the totality of the circumstances, is reliable despite its suggestive character.  *Id.* (citing *State v. Wills* (1997), 120 Ohio App. 3d 320, 324).  If the pretrial confrontation procedure was not unduly suggestive, any remaining questions as to reliability go to the weight of the identification, not its admissibility, and no further inquiry into the reliability of the identification is required.  *State v. Reddy*. 10th Dist. No. 09AP-858, 2010-Ohio-3892, ¶ 31 (citing *Wills* at 325).

¶ 7 Here, defendant does not allege that the identification procedure employed by the police was unduly or impermissibly suggestive.  His only argument centers on the alleged unreliability of the identification.  This argument addresses the weight of the testimony, not the admissibility.  Absent a showing that the identification procedure was unduly suggestive, defendant does not meet his initial burden in order to suppress the identification testimony, let alone to show that the trial court committed plain error by admitting such testimony.  Appellate counsel was not ineffective for not raising this assignment of error.

¶ 8 Second, defendant claims that appellate counsel should have argued that his drug-related convictions were not supported by sufficient evidence.  In addition to his felonious assault convictions, a jury also found defendant guilty of one count of trafficking in cocaine, two counts of possession of cocaine, and one count of possession of heroin.

16

¶ 9 As the Supreme Court of Ohio has noted:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.  The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks* (1991), 61 Ohio St. 3d 259, paragraph two of the syllabus.

¶ 10 The state presented sufficient evidence, when viewed in a light most favorable to the state, for a jury to find defendant guilty of the drug-related convictions.  In regard to his trafficking conviction, the confidential informant testified that he purchased cocaine from the defendant.  In regard to his possession convictions, police found defendant in a second floor apartment of a house.  In that apartment, the police also found a number of baggies that contained drugs.  Defendant's DNA was found on a number of those baggies.  Police also found paperwork inside the apartment that connected defendant with the apartment. Sufficient evidence supports defendant's drug-related convictions. Accordingly, appellate counsel was not ineffective for not raising the assignment of error.

¶ 11 Defendant has not established a colorable claim of ineffective assistance of appellate counsel.  Accordingly, his application for reopening is denied.

*State v. Gravely*, No. 09AP-440, ¶¶ 1-11 (Ohio App. 10th Dist. Dec. 14, 2010)(unreported; copy at Return of Writ, Doc. No. 7, PageID 353-357.)

The court of appeals dealt with these claims in the reverse order from the way in which they are presented here.  First of all, it found that the claim of admitting unreliable identification testimony had not been made in the trial court and therefore would have been reversible on direct appeal only if its admission had been "plain error."  Failing to make the claim in the trial court

violated the contemporaneous objection rule.

At the first step of the procedural default analysis under *Maupin v. Smith, supra*, the federal court must determine if the State has an applicable procedural rule. Ohio does and its contemporaneous objection rule — that parties must preserve errors for appeal by calling them to the attention of the trial court at a time when the error could have been avoided or corrected, set forth in *State v. Glaros*, 170 Ohio St. 471 (1960), paragraph one of the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162 (1998) — is an adequate and independent state ground of decision. *Wogenstahl v. Mitchell*, 668 F.3d 307, 334 (6th Cir. 2012)(*citing Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982). *See also Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir.), *cert. denied*, 131 S. Ct. 185 (2010).

The second step of the *Maupin* analysis requires that the state procedural rule be actually enforced. Here the court of appeals reviewed the unreliable identification claim for "plain error." A state appellate court's review for plain error is enforcement, not waiver, of a procedural default. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle,* 271 F.3d 239 (6th Cir. 2001), *citing Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000)(plain error review does not constitute a waiver of procedural default); *accord, Mason v. Mitchell,* 320 F.3d 604 (6th Cir. 2003).

Having found no plain error in the trial court's admission of the identification testimony, the court of appeals found there was no ineffective assistance of appellate counsel in failing to raise this claim as an assignment of error, essentially because it would not have been successful. While this is not a decision on the merits of the underlying claim, it is a merits decision on the ineffective assistance of appellate counsel claim. Thus the ineffective assistance of appellate counsel claim is preserved for federal habeas merits review, although the underlying claim is not.

In deciding the ineffective assistance of appellate counsel claim, the court of appeals relied on the relevant Supreme Court precedent, *Strickland v. Washington*, 466 U.S. 668 (1984). *Gravely, supra*, at ¶ 3. *Strickland* holds:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the

> presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694.  *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987).  *See generally* Annotation, 26 ALR Fed 218.

The *Strickland* test applies to appellate counsel.  *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987).  To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), citing  *Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id. citing Wilson.*  If a reasonable probability exists that the defendant would have prevailed had the claim been raised on appeal, the court still must consider whether the claim's merit was so compelling that the failure to raise it amounted to ineffective assistance of appellate counsel. *Id. citing Wilson.* The attorney need not advance every argument, regardless of merit, urged by the appellant.  *Jones v. Barnes*, 463 U.S. 745, 751-752 (1983)("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." 463 U.S. 751-52). Effective appellate advocacy is rarely characterized by presenting

20

every non-frivolous argument which can be made. *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003). *Williams v. Bagley,* 380 F.3d 932, 971 (6th Cir. 2004), *cert. denied,* 544 U.S. 1003 (2005); see *Smith v. Murray*, 477 U.S. 527 (1986). However, failure to raise an issue can amount to ineffective assistance. *McFarland v. Yukins*, 356 F.3d 688 (6th Cir. 2004), *citing Joshua v. Dewitt,* 341 F.3d 430, 441 (6th Cir. 2003); *Lucas v. O'Dea*, 179 F.3d 412, 419 (6th Cir. 1999); and *Mapes v. Coyle,* 171 F.3d 408, 427-29 (6th Cir. 1999).

"In order to succeed on a claim of ineffective assistance of appellate counsel, a petitioner must show errors so serious that counsel was scarcely functioning as counsel at all and that those errors undermine the reliability of the defendant's convictions." *McMeans v. Brigano*, 228 F.3d 674 (6th Cir. 2000), citing *Strickland* and *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994). Counsel's failure to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal. *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004), *citing Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001), *cert. denied,* 535 U.S. 940 (2002). "Counsel's performance is strongly presumed to be effective." *McFarland, quoting Scott v. Mitchell*, 209 F.3d 854, 880 (6th Cir. 2000)(*citing Strickland*). "To prevail on a claim of ineffective assistance of appellate counsel, a petitioner must show that appellate counsel ignored issues [which] are clearly stronger than those presented." *Webb v. Mitchell,* 586 F.3d 383, 399 (6th Cir, 2009); *Smith v. Robbins*, 528 U.S. 259, 288 (2000), *quoting Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986). Appellate counsel is not ineffective for failure to predict the development of the law. *Thompson v. Warden*, 598 F.3d 281 (6th Cir. 2010), citing *Lott v. Coyle,* 261 F.3d 594, 609 (6th Cir. 2001)(not ineffective assistance of appellate counsel to fail to anticipate *State v. Foster* in an appellate district which had ruled the other way.) *Accord, Carter v. Timmerman-Cooper*, 2010 U.S. App. LEXIS 10549 (6th Cir.

21

May 25, 2010).

This Court cannot say that failing to raise the unreliable identification testimony assignment of error was ineffective assistance of appellate counsel.  Appellate counsel would have known that he would have had to overcome the plain error barrier and doing so was unlikely because no proof had been offered that the identification procedure was suggestive in any way.  The confidential informant bought cocaine from Gravely and had an opportunity to observe him in the act of committing the crime for which he was convicted.  There is nothing unduly suggestive about the process of sending a confidential informant to make a drug purchase at a suspected drug house and then having him identify the person who sold him the drugs.

Therefore the decision of the court of appeals that it was not ineffective assistance of appellate counsel to fail to raise the identification testimony issue on direct appeal is not an objectively unreasonable application of *Strickland* and is therefore entitled to deference from this Court.  Gravely's Fifth Ground for Relief, considered as a claim of ineffective assistance of appellate counsel, is without merit.

With respect to the claim that it was ineffective assistance of appellate counsel to fail to assign as error the insufficiency of the evidence on the drug charges, the court of appeals concluded that there was ample evidence to support these convictions – purchase of cocaine by the confidential informant, packages of drugs with Gravely's DNA in a residence where he was found and indicia of usual possession of the residence was also found.  Again applying *Strickland*, the court of appeals concluded it was not ineffective assistance of appellate counsel to fail to raise this claim because it would have been plainly without merit.

Here again the court of appeals' decision is entitled to deference under the AEDPA because it is not an objectively unreasonable application of *Strickland*.  Gravely's Fourth Ground

for Relief is without merit and should be dismissed with prejudice.

### Conclusion

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and this Court should certify to the Sixth Circuit that any appeal would not be taken in objective good faith.

January 23, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).