# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MICHAEL T. GRAVELY,

:

    Petitioner,                             Case No. 2:11-cv-500

:         District Judge George C. Smith
  -vs-                                          Magistrate Judge Michael R. Merz

ROB JEFFREYS, Warden, Ross
 Correctional  Institution,

:

    Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 17) to the Magistrate Judge's Report and Recommendations recommending that the Petition be dismissed with prejudice (Doc. No. 16).  As permitted by Fed. R. Civ. P. 72(b), Respondent has replied to the Objections (Doc. No. 18) and Judge Smith has recommitted the case to the Magistrate Judge for further consideration in light of the Objections and Response (Doc. No. 19).

Petitioner Michael T. Gravely brought this habeas corpus action to obtain relief from his conviction in the Franklin County Common Pleas Court and consequent sentence of thirty-six years imprisonment, which he is serving in Respondent's custody.  The Petition contains five Grounds for Relief, but Gravely objects only to dismissal of the first two which read:

> **Ground One:**  Petitioner was denied due process when the evidence was insufficient.
>
> **Supporting Facts:**  The evidence is insufficient when no witness by the State of Ohio identified Petitioner as the suspect that fired shots at Columbus police officers.

1

>    **Ground Two:** Petitioner was denied due process when the trial court overruled Petitioner's motion to sever the indictments.
>
>    **Supporting Facts:** Petitioner was prejudiced by the joinder of the indictments.  Trial counsel argued to the court that the joinder prejudiced the petitioner by limiting his ability to present certain defenses by possibly taking the stand in his own defense on the felonious assault charges he could be put in a situation to criminate [sic] himself on the drug charges.

(Petition, Doc. No. 3, PageID 32-34.)

## Analysis

In his Objections, Gravely argues his First and Second Grounds for Relief together because, he says, "the evidence was insufficient to sustain the convictions without the joinder." (Objections, Doc. No. 17, PageID 1355.)

In his First Ground for Relief, Gravely contends there was insufficient evidence to convict him of felonious assault on two Columbus police officers, each of whom was shot through the back door of the house in which Gravely was arrested.  In addition to those charges, he was indicted in the same case, Franklin County Case No. 08CR05-3601, with one count of having weapons under disability, one count of possession of cocaine, and one count of trafficking in cocaine.  He was again indicted in Franklin County Case No. 09CR01-275 with two counts of possession of cocaine, one with a major drug offender specification, one count of possession of heroin, and one count of having weapons under disability.  *State v. Gravely*, 188 Ohio App. 3d 825, ¶¶ 11-12 (Ohio App. 10th Dist., July 20, 2010).

Before the second indictment was filed, Gravely moved to sever the drug charges in 08CR05-3601 from the assault charges in the same case (Motion to Sever Charges, Return of

2

Writ, Doc. No. 7, Ex. 8, PageID 170-176).  Gravely argued that the charges had been improperly joined under Ohio R. Crim. P. 8 because the charges were not of the same or similar character, or based on the same act or transaction, or based on two or more acts connected together or constituting parts of a common scheme or plan or parts of a course of criminal conduct.  *Id.* at PageID 172.  Gravely also argued the charges should be severed under Ohio R. Crim. P. 14 because the joinder was prejudicial in that he intended to present antagonistic defenses and the evidence was not simple and direct.  *Id.* at PageID 172-175.)

The trial judge denied the severance motion, finding that the offenses were part of a common scheme, plan, or course of criminal conduct (Decision and Entry, Return of Writ, Doc. No. 7, Ex. 10, PageID 184-185).  The trafficking charge arose from a controlled buy two days before the execution of the search warrant at the house where the controlled buy occurred and in the execution of which the shooting occurred.  *Id.* at PageID 185.  Further the judge found no basis for severing the charges because at least some of the evidence about drugs would be likely to come in anyway as to the felonious assault in discussing the basis of the search warrant and the evidence was sufficiently simple and direct that jury confusion was unlikely.  *Id.* at PageID 187.

Gravely did not appeal from denial of his Motion to Sever.  As noted in the Report and Recommendations, he moved to sever the charges that had been indicted together in the 08 case, but actually joined the State's motion to try the 08 and 09 cases together.  (Report and Recommendations, Doc. No. 16, PageID 1339.)  When he appealed, however, he did not plead an assignment of error about the failure to sever the drug and felonious assault charges in the 08 case, but complained of the joinder of the two indictments for trial.  The court of appeals held:

> Appellant contends in his second assignment of error that the trial court erred by denying his motion to sever the two indictments.

3

> However, the record indicates that appellant never asked the trial court to sever the two indictments. A day before the filing of appellant's second indictment, he requested the trial court to sever the drug charges from the felonious assault charges in case No. 08CR05-3601 and to separately try those charges. The trial court denied that request. One day after the filing of the second indictment, the state requested the trial court to join the two indictments. The trial court granted the state's motion and joined the indictments. Appellant did not request severance of the indictments before, during, or after trial. [6]
>
> [Fn6] Although appellant's trial counsel again raised the issue of severance of the drug charges and the felonious assault charges at trial, he did not request severance of the two indictments at trial.

*State v. Gravely*, 188 Ohio App. 3d 825 ¶ 31 (Ohio App. 10th Dist. July 20, 2010.)  Because Gravely never requested severance for trial of the indictments in the two cases, the court of appeals analyzed his assignment of error about that severance issue under the plain error doctrine. *Id.* at ¶¶ 32-40.  If Gravely were complaining in this habeas case about failure to sever the two indictments, the claim would be procedurally defaulted for failure to raise it in the trial court.[1]

But that is not his claim here.  Ground Two asserts constitutional error in failure to sever the felonious assault and drug charges within the 08 case.  Petitioner himself appears to be confused on that point because on its face Ground Two speaks about failure to sever indictments, the claim actually appealed.  However, the substance of his argument which was made *pro se* and that of his counsel in the Objections is about joinder of the drug and felonious assault counts within the 08 case.

The joinder of drug and assault charges claim (Ground Two) is procedurally defaulted

---

[1] A state appellate court's review for plain error is enforcement, not waiver, of a procedural default. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle,* 271 F.3d 239 (6th Cir. 2001), *citing Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000)(plain error review does not constitute a waiver of procedural default); *accord, Mason v. Mitchell,* 320 F.3d 604 (6th Cir. 2003).

because it was never raised on appeal. However, the State of Ohio has forfeited that defense by stating in the Return of Writ that "Gravely raised his habeas relief claims in grounds one, two and three in his state direct appeals to Ohio's 10th District Court of Appeals and the Ohio Supreme Court." (Return of Writ, Doc. No. 7, PageID 61.) Procedural default may be waived by failing to assert it. *Getsy v. Mitchell,* 495 F.3d 295, 317 (6th Cir. 2007)(en banc)(citing *Slagle v. Bagley*, 457 F.3d 501, 514 (6th Cir. 2006); *Gray v. Netherland*, 518 U.S. 152, 166 (1996).

Because Gravely did not appeal from denial of his Motion to Sever and the State has waived its procedural default defense on that claim, this Court considers the refusal to sever the drug and assault charges claim *de novo*, without the benefit of an opinion from the state courts.

A federal court may grant habeas corpus relief to a prisoner confined on a state court judgment only if that judgment is infected with constitutional error. 28 U.S.C. §2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13; 178 L. Ed. 2d 276 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Gravely's claim is "[f]ailure to sever is unconstitutional if it denies the defendant a fair trial." (Objections, Doc. No. 17, PageID 1356, *citing United States v. Lane,* 474 U.S. 438 (1986)). *Lane* is not about improper joinder of charges, but about misjoinder of persons under Fed. R. Crim. P. 8. The Court particularly noted that harmless error analysis would apply to a misjoinder claim because "the specific joinder standards of Rule 8 are not themselves of constitutional magnitude. [Fn 8] Improper joinder does not, in itself, violate the Constitution.

5

Rather, misjoinder would rise to the level of a constitutional violation only if it results in prejudice so great as to deny a defendant his Fifth Amendment right to a fair trial." 474 U.S. at 446, Fn 8.

Gravely also relies on *Drew v. United States*, 331 F.2d 85 (D.C. Cir. 1964). The defendant there was charged with robbery and attempted robbery that occurred on July 27, 1962 and August 13, 1962, respectively. The key question at trial was the identity of the perpetrator. The similarities in commission of the offenses – each at a High's convenience store on a summer afternoon when the perpetrator wore sunglasses – were not sufficient to make the facts of one admissible as to the other offense so as to prove identity. *Id.* at 92-93. The court noted that evidence of other crimes is admissible not to prove a criminal disposition, but for other purposes. It held

> It is a principle of long standing in our law that evidence of one crime is inadmissible to prove disposition to commit crime, from which the jury may infer that the defendant committed the crime charged. Since the likelihood that juries will make such an improper inference is high, courts presume prejudice and exclude evidence of other crimes unless that evidence can be admitted for some substantial, legitimate purpose. The same dangers appear to exist when two crimes are joined for trial, and the same principles of prophylaxis are applicable.
>
> Evidence of other crimes is admissible when relevant to (1) motive, (2) intent, (3) the absence of mistake or accident, (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of the one tends to establish the other, and (5) the identity of the person charged with the commission of the crime on trial. When the evidence is relevant and important to one of these five issues, it is generally conceded that the prejudicial effect may be outweighed by the probative value.
>
> If, then, under the rules relating to other crimes, the evidence of each of the crimes on trial would be admissible in a separate trial for the other, the possibility of 'criminal propensity' prejudice

> would be in no way enlarged by the fact of joinder. When, for example, the two crimes arose out of a continuing transaction or the same set of events, the evidence would be independently admissible in separate trials. Similarly, if the facts surrounding the two or more crimes on trial show that there is a reasonable probability that the same person committed both crimes due to the concurrence of unusual and distinctive facts relating to the manner in which the crimes were committed, the evidence of one would be admissible in the trial of the other to prove identity. In such cases the prejudice that might result from the jury's hearing the evidence of the other crime in a joint trial would be no different from that possible in separate trials.

331 F.2d at 90 (footnotes omitted).

The reasoning of the District of Columbia Circuit in Drew supports the State's case here, rather than Gravely's. As Judge Fais found, the evidence of the trafficking offense, which is what gave rise to the search warrant whose execution caused the shooting would have come into evidence anyway – it was relevant to show why the police officers who were shot were trying to gain entrance to the house. In his Objections Gravely argues the court of appeals did not find "other acts" evidence was applicable, but that was because it was not considering the severance of charges claim, but rather than severance of indictments claim.

Gravely complains about the impact of joinder on his defense against the DNA evidence (Objections, Doc. No. 17, PageID 1357-1359.) Here he again confuses the issue of severance of the drug and assault charges within the 08 case and severance of the two cases. There was testimony that he was the major contributor of DNA on the gun fired at the two officers which was relevant to the assault charges in the 08 case and testimony about his DNA on the baggies of drugs in the 09 case. But, to repeat, he never complained about failure to sever the indictments until he got to the court of appeals and that is not the claim made in Ground for Relief Two. There was no DNA evidence used to convict him of the trafficking which occurred in the controlled buy two days before execution of the search warrant.

7

Gravely also complains of the court of appeals' ruling that the evidence on the offenses was "simple and direct." Again, that is a holding with respect to the severance of indictments claim, not the severance of charges claim. As noted above, this Court must review Ground Two *de novo* because the court of appeals did not consider it on the merits.

Considered *de novo,* the Court finds the evidence on the controlled buy count of the indictment in the 08 case simple and direct and easily distinguishable from the felonious assault count which happened two days later. There was no DNA evidence needed or used on the controlled buy count. Gravely's counsel reads *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009), as somehow implying that DNA evidence is never simple and direct. In that case the Supreme Court held that laboratory reports are testimonial within the meaning of the Confrontation Clause jurisprudence; the case has nothing to do with any asserted prejudice from joining a count in an indictment which requires DNA evidence with one which does not.

Gravely's argument in the Objections as to Ground One is left implicit: he seems to be saying that if the jurors had not known about the controlled buy, they would not have imputed a criminal disposition to him sufficient to find that he shot at the police officers through the back door of the residence they were attempting to search for drugs. The evidence against Gravely on the felonious assault charges is reviewed in the original Report and Recommendations and is completely sufficient to sustain the convictions; no further analysis is needed on that claim.

**Conclusion**

Having reviewed the case in light of the Objections, the Magistrate Judge again

respectfully recommends that the Petition be dismissed with prejudice and that Gravely be denied a certificate of appealability.

February 21, 2013.

                      s/ *Michael R. Merz*
                      United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).